IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 18-10064-JWB

JUAN CARLOS CARMONA,

    Defendant.

**MEMORANDUM AND ORDER**

  This matter is before the court on two motions by Defendant for a Bill of Particulars. (Docs. 36, 37.) The government has responded (Doc. 39), and the court is prepared to rule. For the following reasons, the motions are GRANTED.

**I. Standards for a Bill of Particulars**.

  Rule 7(f) of the Federal Rules of Criminal Procedure provides:

> **Bill of Particulars**. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

  The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993) (citing *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)). If the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial, a bill of particulars is not necessary. *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). A defendant "is not entitled to know all of the *evidence* the government intends to produce, but only the *theory*

of the government's case," for a bill of particulars "is not a discovery device." *Dunn*, 841 F.2d at 1029-30 (citation omitted). "A bill of particulars is unnecessary where the information the defendant seeks is available through some other satisfactory form, such as an open file discovery policy." *United States v. Bell*, No. 16-40080-01-DDC, 2017 WL 1479376, at *6 (D. Kan. Apr. 25, 2017) (quoting *United States v. Griffith*, 362 F. Supp.2d 1263, 1278 (D. Kan. 2005)).

## II. Analysis

Count One, in part, charges Defendant with traveling from Texas to Kansas "for the purpose of engaging in illicit sexual conduct with" 15-year old minor L.A.M., in violation of 18 U.S.C. § 2423(b). (Doc. 24 at 1.) Count Two, in part, charges that Defendant knowingly transported an individual under eighteen years of age in interstate commerce "with the intent that the individual engage in sexual activity for which a person could be charged with a criminal offense," in violation of 18 U.S.C. § 2423(a). (*Id.* at 2.) Counts Three through Seven charge Defendant with production of child pornography in violation of 18 U.S.C. § 2251(a). Defendant contends he needs a bill of particulars as to the nature of the "illicit sexual conduct" alleged in Count One to protect against double jeopardy. (Doc. 36 at 2-3.) As to Count Two, he contends a bill of particulars is needed to provide fair notice of the charge and to allow him to prepare his defense, because the allegation of "sexual activit[ies] for which a person could be charged with a criminal offense" implicates a multitude of state and/or federal offenses. (Doc. 37 at 2-5.)

Both § 2423(a) and § 2423(b) allude to non-specified criminal offenses (i.e., sexual activity "for which a person could be charged with a criminal offense" and "illicit sexual conduct"). Such provisions raise special concerns about notice and double jeopardy, as illustrated by *United States v. Miles*, 327 F. App'x 797, 799 (10th Cir. 2009). The indictment in that case alleged the defendant violated § 2423(a) by transporting a 15-year old girl in interstate commerce with intent

to engage in sexual intercourse with her, for which he could be charged with a criminal offense under Oklahoma law. Before trial, the government identified the Oklahoma statutory rape and lewd acts statutes as the bases for the charge. After a jury was empaneled, the defendant moved to dismiss, asserting he was married to the 15-year old girl and that this constituted a defense under the specified Oklahoma statutes. In response, the government asserted that it had proof the defendant had engaged in forcible rape, to which the alleged marriage was not a defense. The district court held that the indictment failed to give the defendant fair warning that the charge was based on an allegation of forcible rape, and dismissed the charge. *Id*. at 804. The government then obtained a second indictment charging that the defendant violated § 2423(a) by engaging in sexual intercourse with the girl by force, and it specified the Oklahoma rape statutes. By a 2 to 1 vote, a panel of the Tenth Circuit rejected the defendant's argument that his right against double jeopardy was violated, concluding that the dismissal of the first indictment was not tantamount to an acquittal and did not bar a subsequent prosecution. In its decision, the panel majority noted the first indictment did not specify any particular Oklahoma statute and that the defendant "could have timely forced the government to be more precise, but he did not." *Id*. at 805*; see also United States v. Vickers*, 708 F. App'x 732, 735–36 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1342 (2018) (any error in indictment's failure to specify the underlying sexual offenses with which defendant could be charged was harmless, in part because defendant obtained a bill of particulars specifying the offenses before trial).

As Defendant points out, there are a number of state and/or federal offenses that could be implicated by the allegations in Counts One and Two. The court concludes that the government should be required to provide a bill of particulars in this case to ensure that Defendant has sufficient

3

notice of the charges to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution.

**IT IS THEREFORE ORDERED** this 26th day of September, 2018, that Defendant's Motions for Bill of Particulars (Docs. 36, 37) are GRANTED. The government shall file a bill of particulars on or before October 12, 2018, specifying the federal, state, or local statutes constituting the "illicit sexual conduct" contemplated by Count One and the "sexual activity for which a person can be charged with a criminal offense" contemplated by Count Two.

                                             ___s/ John W. Broomes_____
                                             JOHN W. BROOMES
                                             UNITED STATES DISTRICT JUDGE