IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.        No. 18-10064-JWB

JUAN CARLOS CARMONA,

    Defendant.

MEMORANDUM AND ORDER

This matter came before the court on January 15, 2019, for a hearing on Defendant's Motion for Reconsideration (Doc. 59), and for a hearing pursuant to 18 U.S.C. § 4247(d) to determine Defendant's competency to stand trial. For the reasons stated at the hearing, and as supplemented in this order, Defendant's Motion to Reconsider (Doc. 59) is DENIED and the court finds that Defendant is competent to stand trial.

**I. Background**

Defendant filed a motion on November 26, 2018, to continue the trial to determine Defendant's competence to stand trial. (Doc. 50). The motion requested an order for a mental examination and a hearing to determine competency. The court granted the motion after a hearing, including an ex parte session with Defendant and Defendant's counsel. Based on its inquiry, the court found reasonable cause to believe Defendant may be suffering from a mental disease or defect that may make him unable to assist properly in his defense. (Doc. 54 at 1.) The court designated a psychiatrist selected by Defendant to conduct a mental competency examination

pursuant to § 4241(a), to be followed by an examination by a BOP examiner. (*Id*. at 2.) The order directed the examiners to prepare and file the reports of their findings pursuant to § 4247(b).

On December 20, 2018, the court granted a defense request to stay the order for a BOP examination. The request was based on a preliminary indication from Defendant's selected examiner that Defendant was competent to stand trial. (Doc. 58.) On January 3, 2019, Defendant filed a motion asking the court to reconsider its determination that there was reasonable cause to question Defendant's competence. Defendant asked the court to withdraw that finding and conduct no further competency proceedings. (Doc. 59.) Defendant also filed an accompanying ex parte memorandum, to which he attached the examination report of his selected psychiatrist. (Doc. 60.)

**II. Discussion**

Defendant's motion to reconsider or withdraw the finding of reasonable cause is denied. Having initially found reasonable grounds to question Defendant's competency, the court concludes the proper course is to conduct a hearing pursuant to § 4247(d), to examine the evidence, and to make a factual determination as to whether Defendant is competent to stand trial. The court discussed with counsel whether the report of Defendant's psychiatrist, which was filed ex parte, should be disclosed to the government and considered as evidence for the hearing. The parties agreed that it should, and the report was provided to the government. The parties had no other evidence concerning Defendant's mental competence.

The court has reviewed the report of Stephen E. Peterson, M.D. Dr. Peterson's report includes a finding that Defendant suffers from an Adjustment Disorder, but that his thinking and functioning is not impaired and the disorder does not interfere with Defendant's ability to properly

assist in his defense with his attorney. Dr. Peterson is also of the opinion that Defendant understands the extent, nature, and consequences of the proceedings against him.

The court concludes the opinions in Dr. Peterson's report are well-founded and that the totality of the report, as well as the court's observations and interaction with Defendant, shows by a preponderance of the evidence that Defendant is able to understand the nature and consequences of the proceedings against him and is able to properly assist in his defense. *See* § 4241(d) (preponderance standard governs competency determination.) The court therefore finds Defendant is competent to stand trial.

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration (Doc. 59) is DENIED. The court determines that Defendant is competent to stand trial. Counsel for Defendant is directed to file a copy of Dr. Peterson's report under seal for purposes of the record.

IT IS SO ORDERED this 15th day of January, 2019.

    \_\_\_s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE