IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                         Case No. 18-10064-JWB

JUAN CARLOS CARMONA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's first and second motions in limine (Docs. 52, 68), Defendant's responses thereto (Docs. 67, 81), Defendant's first and second motions in limine (Docs. 73, 77) and the government's responses thereto (Docs. 80, 83.) The court held a hearing on January 31, 2019, and orally ruled on the motions. This written order will supplement the court's oral rulings. For the reasons stated herein, the government's first motion (Doc. 67) is GRANTED IN PART and DENIED IN PART; the remaining motions are DENIED.

**1. Government's First Motion in Limine (Doc. 52.)**

The government's first motion lists and discusses thirteen items it seeks to have excluded from trial. (*See* Doc. 52 at 1.) The court finds the motion should be granted with respect to argument or evidence concerning any "age of consent" contrary to federal law (item number 1). The law governing the permissible age of consent to engage in sexual acts is a matter for the court to determine and to instruct the jury on.

The court finds that any evidence of plea negotiations (item 2), offers to stipulate (item 4), and evidence of administrative discipline (item 9) should be excluded, absent some particular showing of relevance made outside the presence of the jury.

With respect to evidence of the victim's sexual behavior (item 11), the court notes Defendant has not filed a motion of intent to offer such evidence. *See* Fed. R. Evid. 412(c). Accordingly, the court will grant the motion to exclude any evidence offered to prove that the victim engaged in other sexual behavior or to prove the victim's sexual predisposition. Fed. R. Evid. 412(a).

The remaining items in the government's first motion pertain to general categories of evidence. The court is unable to determine admissibility generally without knowing the particular evidence objected to and the purpose of the evidence. The court will therefore deny the motion with respect to the remaining categories, but the court's ruling is without prejudice to future objections addressed to specific evidence.

**2. Government's Second Motion in Limine (Doc. 68.)**

The government's second motion in limine seeks to exclude any evidence or argument in support of a "mistake of age" defense. (Doc. 68 at 1.) The government contends this defense is not permitted under the crimes charged (18 U.S.C. §§ 2423(a), 2423(b), and 2251(a)).

Defendant acknowledges that binding authority in the Tenth Circuit holds that knowledge of age is not an element of § 2423(a) or § 2423(b). (Doc. 81 at 5) (citing *United States v. Lacy*, 904 F.3d 889, 898 (10th Cir. 2018)).

With one exception, the court finds that a mistake of age defense is not available to Defendant on the counts charged. Count 1 of the superseding indictment[1] charges Defendant with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with L.A.M., in violation of 18 U.S.C. § 2423(b). (Doc. 24 at 1.) "Illicit sexual conduct" includes (1) a sexual

---

[1] The government has now filed a second superseding indictment (Doc. 78.) The first seven counts of the second superseding indictment are identical to the counts in the first superseding indictment (Doc. 24.) The second superseding indictment adds a charge of possession of child pornography (Count Eight) and a forfeiture notice.

act with a person under 18 "that would be in violation of chapter 109A if the sexual act occurred in the special … territorial jurisdiction of the United States," and (2) production of child pornography. 18 U.S.C. § 2423(f)(1) and (3). With respect to the first of these (an act in violation of chapter 109A), the government's bill of particulars specified that Defendant's planned sexual acts with L.A.M. would be in violation of 18 U.S.C. § 2243(a), sexual abuse of a minor, which applies to a defendant who knowingly engages in a sexual act with another a person who has attained the age of 12 but not the age of 16, and who is at least four years younger than the defendant. (Doc. 42 at 2.) Although the government need not prove that a defendant knew the age of the other person or knew the requisite age difference to show a violation of § 2243(a), the statute provides an affirmative defense if a defendant shows by a preponderance of the evidence that he "reasonably believed that the other person had attained the age of 16 years." 18 U.S.C. § 2243(c). As such, a "mistake of age" defense is available to Defendant to the extent the government claims he violated § 2423(b) by traveling for the purpose of committing sexual acts that would be in violation of § 2243(a). The government's motion to exclude such evidence is denied to that extent.

As for the charges under § 2251(a), courts have overwhelmingly rejected contentions that the government must prove defendant's knowledge of the victim's age, or that a mistake-of-age defense is available. *See United States v. Seibert,* 2018 WL 4025429, *2 (E.D. Pa. Aug. 23, 2018) (citing cases from the First, Fourth, Sixth, Seventh, Eighth, and Eleventh Circuits). As *Seibert* noted, the Ninth Circuit stands alone for holding that a mistake-of-age defense is required by the First Amendment. *See United States v. U.S. Dist. Ct. for the Cent. Dist. of Calif. (Kantor)*, 858 F.2d 534 (9th Cir. 1988). *Kantor* itself acknowledged that Congress purposely omitted a knowledge-of-age requirement from § 2251(a), but held it was beyond Congress's power to do so because of First Amendment concerns. The court rejects that holding, and adopts the view of

nearly every other court to address the issue, and finds that a mistake-of-age defense is not available on a charge of producing child pornography under § 2251(a). *See United States v. McClelland*, No. 10-10173-MLB, 2011 WL 5025025, *3 (D. Kan. Oct. 21, 2011) ("There is a clear majority among the circuits on this issue and this court is not persuaded that the majority view is unconstitutional or that the Tenth Circuit would disagree with its sister circuits.")

The court likewise finds there is no mistake-of-age defense for the allegation violation of § 2423(a) in Count Two. The "knowingly" requirement of § 2423(a) does not require proof that a defendant knew the individual was a minor under 18 years of age. *Lacy*, 904 F.3d at 898 ("We agree with our sister circuits and hold that a conviction under § 2423(a) does not require proof that the defendant knew the victim was a minor."). It follows from that fact, and from the absence of any statutory authority for a mistake-of-age defense, that a mistaken belief as to the victim's age is not a defense to a § 2423(a) charge. *See United States v. Tavares*, 705 F.3d 4, 19 (1st Cir. 2013) (because knowledge of the victim's age is not an element, mistake of age is not a defense). Moreover, the provisions of the Texas penal code that the government says support the allegation of "sexual activity for which any person can be charged with a criminal offense" in Count Two (i.e., indecency with a child under V.T.C.A. § 21.11(a) and sexual assault under V.T.C.A. § 22.011(a)) each provide that the offense is committed regardless of whether the actor knows the age of the child at the time of the offense.

In sum, the only mistake of age defense available to Defendant pertains to the allegation in Count One that he violated § 2423(b) by traveling for the purpose of engaging in acts that would be sexual abuse of a minor in violation of § 2243(a). Otherwise, a mistaken belief as to the victim's age is not a defense to the charges in Counts One through Seven.

### 3. Defendant's First Motion in Limine (Doc. 73.)

First, Defendant seeks an order in limine excluding evidence of "crimes, wrongs, or other acts" within the scope of Fed. R. Evid. 404(b). He argues the government failed to provide notice of its intent to use such evidence as required by the court's case management order (Doc. 13) or by Rule 404(b)(2). (Doc. 73 at 5.)

The filing of the second superseding indictment renders this argument moot, as the evidence of "other child pornography" that Defendant seeks to exclude under Rule 404(b) is direct evidence of the offense charged in Count Eight of the second superseding indictment.

Defendant also seeks to exclude any "scientific, technical, or other specialized opinion" offered by Sexual Assault Nurse Examiner (SANE) Courtney Woods. (Doc. 73 at 7.)

In response, the government represents that Woods will testify as a fact witness and convey what she saw and heard in her interaction with the victim, and that any opinions she offers will be permissible lay opinions under Rule 701. (Doc. 80 at 7.)

Based on the government's representations, the court will deny the motion to exclude any opinion testimony of Ms. Woods. The ruling is without prejudice to Defendant asserting a contemporaneous objection at trial to any opinions falling outside of proper lay witness testimony under Rule 701.

### 4. Defendant's Second Motion in Limine (Doc. 77.)

Defendant's second motion in limine relates to computer files allegedly viewed by Agent Todd DiCaprio on a laptop computer seized from Defendant's home. Defendant seeks to exclude any opinion testimony of Agent DiCaprio "as to the age of any individual or how an individual might make an [assessment] of age, e.g., physical features of puberty…." (Doc. 77 at 2.)

Defendant contends such matters constitute expert opinions subject to Fed. R. Evid. 702, and that the government failed to disclose them 45 days ahead of trial in accordance with the case management order.

The court notes that "in the child pornography context, courts have particularly emphasized the importance of a case-by-case inquiry into 'whether the age of a model in a child pornography prosecution can be determined by a lay jury without the assistance of expert testimony[.]'" *United States v. Dewitt*, No. 3:17-CR-110 JD, 2018 WL 5961723, at *2 (N.D. Ind. Nov. 14, 2018) (citing cases.) "In a case in which the images depict subjects who are clearly prepubescent, for example, expert testimony may not be necessary or helpful; a lay jury can observe for itself that those subjects are minors." *Id.* In *United States v. Riccardi*, 405 F.3d 852, 870 (10th Cir. 2005), both sides agreed that "in some cases involving depictions of post-pubescent teenagers, expert testimony may be required to establish that they were minors." The Tenth Circuit nevertheless affirmed a district court ruling allowing the jury to determine the age of the persons depicted, without expert testimony, based on the nature of the images at issue. *Id.* (agreeing with district court finding that "a layperson who has any common experience of life in observing children would be able to draw those conclusions from observing those images").

Count Eight of the second superseding indictment alleges that Defendant possessed child pornography that involved "a prepubescent minor who had not attained 12 years of age." (Doc. 78 at 5.) Assuming the opinion testimony at issue relates to such an image, the agent's opinion might or might not fall into the category of expert testimony, as opposed to being lay opinion testimony based on common experience. The court will reserve ruling on this issue until trial. Defendant's motion to exclude this evidence is therefore denied without prejudice.

IT IS THEREFORE ORDERED this 31st day of January, 2019, that the government's first Motion in Limine (Doc. 52) is GRANTED IN PART, and DENIED IN PART; the government's second Motion in Limine (Doc. 68) is DENIED to the extent stated herein; Defendant's first Motion in Limine (Doc. 73) is DENIED; and Defendant's second Motion in Limine (Doc. 77) is DENIED.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE